United States District Court
Southern District of Texas
**ENTERED**
June 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD THOMAS GRASSIE, (Inmate # 512155), | § § § |
| Petitioner, | § § |
| vs. | §  CIVIL ACTION NO. H-23-2295 |
| UNITED STATES OF AMERICA, | § § § |
| Respondent. | § |

## MEMORANDUM OPINION AND ORDER

Richard Thomas Grassie, (Inmate #512155), is a federal pretrial detainee currently incarcerated in the Montgomery County Jail. Proceeding *pro se*, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued pretrial detention and the validity of the indictment against him. (Dkt. 1). After considering the petition and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[1] the Court dismisses this petition for the reasons that follow.

---

[1] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of a § 2241 petition under Rule 4).

## I. BACKGROUND

In 2022, Grassie was indicted in the Southern District of Texas on two counts of violating 18 U.S.C. § 371, (Conspiracy to Make False Statements to Mortgage Lending Businesses and Financial Institutions; Conspiracy to Make False Writings to the Federal Trade Commission), and two counts of violating 18 U.S.C. § 1014, (False Statements to Mortgage Lending Businesses and Federally Insured Institutions). *See United States v. Campos, et al.*, Criminal No. 4:22-cr-33 (S.D. Tex. Jan. 1, 2022). He was arrested on a bench warrant while in the Eastern District of Texas on February 22, 2023. *See United States v. Grassie*, Criminal No. 4:23-mj-00084-KPJ-1 (E.D. Tex. Feb. 22, 2023). At Grassie's initial appearance, the Government orally moved for detention pending trial under 18 U.S.C. § 3142(f)(2). *Id.* The magistrate judge appointed counsel for Grassie and scheduled a detention hearing. *Id.* at Dkt. 7. After a detention hearing, the magistrate judge entered an order for detention pending trial. *Id.* The magistrate judge then ordered Grassie transferred to the Southern District of Texas to await trial. *Id.* at Dkt. 8. Upon Grassie's arrival in the Southern District, the court reappointed counsel to defend him in the criminal proceedings. *See United States v. Campos, et al.*, Criminal No. 4:22-cr-33, at Dkt. 343.

On June 20, 2023, Grassie filed a *pro se* petition under 28 U.S.C. § 2241 to start this habeas corpus action. (Dkt. 1). In his petition, he alleges that he is entitled

2

to release from pretrial detention because the Government failed to allege sufficient facts to support his arrest. (*Id.* at 6). He also alleges that he was denied due process during the detention hearing and that the orders entered by the magistrate judge in the Eastern District are "not judicial orders and are void." (*Id.*). He seeks his immediate release from detention and the dismissal of the indictment. (*Id.* at 7).

## II. DISCUSSION

### A. Jurisdiction

As an initial matter, this Court has jurisdiction to entertain Grassie's habeas corpus petition. While Grassie complains of an order entered in the Eastern District of Texas, he is currently incarcerated in Montgomery County, which is located in the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2). The Fifth Circuit has held that the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (per curiam). Therefore, this Court will consider Grassie's petition.

### B. Exhaustion

A petition under § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But while habeas corpus is an appropriate remedy for an individual held in custody in violation of the Constitution, the United States Supreme

3

Court has held that district courts should not grant relief in habeas actions "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6 (1951). Applying this general rule specifically to pretrial detention orders, the Fifth Circuit has held that while the provisions of 18 U.S.C. § 3145 do not provide the exclusive means for a federal prisoner to challenge a pretrial detention order, they are the preferred and appropriate means for doing so. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) ("[W]e decline to hold that § 3145 provides the exclusive means by which a person under indictment can challenge his pretrial detention. Nevertheless, the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals."); *see also Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010) (per curiam) (holding that § 2241 is not the proper vehicle for claims regarding federal pretrial detention); *Campbell v. Head*, No. 2:21-cv-00137, 2021 WL 9315345 (S.D. Tex. Dec. 9, 2021) (ruling that pretrial detention orders should be challenged under 18 U.S.C. § 3145 rather than in a § 2241 habeas petition).

The docket in Grassie's criminal action shows that he has not yet exhausted the remedies available to him in that action. All of Grassie's current challenges may be raised in his pending criminal action or any subsequent appeal or collateral

4

challenge. In addition, Grassie may challenge the order of pretrial detention by filing a motion for revocation or amendment of the detention order under § 3145(b). If the district judge denies that motion, Grassie may appeal that decision to the Fifth Circuit, as provided by § 3145(c) and 28 U.S.C. § 1291. Because these remedies remain available to Grassie in the underlying criminal action, he has not exhausted his remedies as required to pursue relief under § 2241.

In addition to challenging the pretrial detention order, Grassie also appears to challenge the constitutionality of the criminal indictment against him. But it is a "settled principle that a writ of habeas corpus may not be used . . . as a substitute for the ordinary proceedings of a trial court." *United States v. Bowler*, 62 F.3d 397, 1995 WL 449713, at *1 (5th Cir. 1995) (per curiam). A pretrial writ of habeas corpus will be considered only in "rare and exceptional" circumstances. *See Jones v. Perkins,* 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States,* 199 U.S. 547, 551 (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *Johnson v. Hoy*, 227 U.S. 245, 247 (1913) (holding that pretrial habeas relief is available to a

federal pretrial detainee only "in rare and exceptional cases"). Instead, a petitioner's claims of constitutional error should be "presented and reached 'in the orderly administration of justice.'" *Bowler*, 1995 WL 449713 at *2.

The record of Grassie's criminal case shows that he has not challenged the constitutionality of his indictment in that case, where he is represented by appointed counsel. He points to no "rare and exceptional" circumstances that would warrant consideration of this constitutional claim outside of his ongoing criminal proceedings. In the absence of such circumstances, he may not use this habeas petition to preempt or avoid the proceedings in the underlying criminal action.

Because Grassie has neither exhausted his available remedies nor shown that rare and exceptional circumstances exist that would support disrupting the normal course of the underlying criminal proceedings, Grassie is not entitled to relief under § 2241. His habeas petition will be dismissed.

## III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Grassie's petition under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED without prejudice** for failure to exhaust his available remedies.

2. Any pending motions are **DENIED as moot**.

3. No certificate of appealability will issue from this decision. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____6/29_____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE